**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4489**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

NATWOINE AUSTIN,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:10-cr-00099-FDW-1)

Submitted:  September 29, 2011     Decided:  October 4, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

Matthew Segal, Federal Defender, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Natwoine Austin was convicted following his conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Austin to twenty-one months' imprisonment. Austin reserved the right to appeal the district court's determination that his prior North Carolina state conviction for possession of a schedule I controlled substance qualified as a felony for the purpose of adjudging him guilty under § 922(g)(1). Austin timely appealed. Prior to submitting an opening brief, Austin moved to vacate his conviction and to remand the case to the district court, arguing that his North Carolina conviction was not punishable by imprisonment for a term exceeding one year and, thus, that the conviction could not serve as the necessary predicate for the § 922(g)(1) charge. In light of our decision in United States v. Simmons, 649 F.3d 237, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we reverse and remand.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. Austin's prior North Carolina state conviction was not punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting out minimum and maximum

2

sentences applicable under North Carolina's structured sentencing scheme). When Austin raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). Subsequently, however, we overruled Harp with our en banc decision in Simmons, in which we sustained a similar argument in favor of the defendant. In view of our holding in Simmons, we reverse Austin's conviction, deny as moot his motion to vacate, and remand the case to the district court for further proceedings.* The clerk is directed to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED

---

* We of course do not fault the Government or the district court for their reliance upon, and application of, unambiguous circuit authority at the time of Austin's indictment and conviction.

3